## City of Philadelphia v. Capra

*Barbara S. Gilbert,* for plaintiff.
*Herman Blumenthal,* for defendant.

BRAIG, *J.,* December 14, 1982—Defendant has appealed this court's denial of his petition to strike off (a municipal) lien. It appears from the record that the sole issue raised was the manner of the service of the initial notice (of repairs required to a

roof) which ultimately culminated into the lien. The "lien" or claim in question, which is part of the record in this case, indicates the "notice (was) served . . . by mailing notice to owner."

The record reflects a violation notice was mailed to defendant on November 1, 1974. That notice specified certain necessary roof repairs and further indicated that if the resultant "nuisance" was not "abated" by the owner, such work would be performed by the City, who would in turn bill or "assess" the owner for the actual costs involved. It further indicated that for non-payment by the owner, a lien would be entered against him. The work was, in fact, done by the City and billed to the owner on January 20, 1975. Upon his non-payment, the subject lien was filed on June 15, 1976.

Since section 1-110 of the Philadelphia Code of General Ordinances provides that written notices of violations shall be deemed served . . . when regularly mailed to the violator's last known address . . ., defendant's contentions are without merit, thereby making the denial of his petition to strike proper.

As an afterthought raised in his supplemental brief (but not in his original petition), defendant cites 53 P.S. § 7143 as requiring municipal liens to be filed within six months—the instant lien being filed approximately 18 months after completion of the work. However, this court found the correct governing statute to be 53 P.S. § 7432, which provides that such liens may be filed at any time . . . . See also, New Freedom v. Lafferty, 72 D. & C. 2d 508.

Therefore, for the above reasons, the petition was properly denied.